The plaintiff-appellant, Syndicate Gramercy, Inc., by an amended petition filed under Chapter 87, F.S.A., being the Declaratory Judgment Act, prayed for an adjudication of whether or not a lease on described property situated in the City of Miami Beach was now in force and a binding legal obligation as between the parties, or had expired by operation of law and was no longer a binding lawful obligation. The lease was executed in 1942, at an annual rental of $4,500.00. Its duration was for the period of the "national emergency". L.A. Van Dyk owned the property when the lease was given but since sold the property subject to the lease to the plaintiff-appellant.
One of the pertinent provisions of the lease is viz.:
"To have and to hold for the duration of the national emergency now existing at four thousand five hundred ($4,500.00) dollars, per year, payable as follows:
$500.00 on October 15th, 1943.
$1000.00 on January 15th, 1944.
$1500.00 on February 15th, 1944.
$1500.00 on March 15th, 1944.
and if the national emergency, now existing and the present war is over on or before the 14th of October of any coming year, the lessee Joseph Daoud Sons is privileged to exercise an option for three years at six thousand ($6,000.00) dollars, six thousand five hundred ($6,500.00) dollars, and seven thousand ($7,000.00) dollars per year respectively, payable as follows:"
It was alleged that the term or words "national emergency", the end of which terminated the lease, meant the conditions and circumstances affecting business conditions on Lincoln Road in Miami Beach as of the time of the execution of the lease and a reasonable time thereafter, and that the annual rental of $4,500.00 is ridiculously low and clearly out of line with the true rental value of the property, all of which results in an unlawful profit to the defendant-appellee and to the financial detriment of the appellant. The appellant contends that the "national emergency" ended more than three years ago, while the appellee contends that the "national emergency" will not end or terminate until the President of the United States and Congress, by appropriate proclamation, declare the "national emergency" at an end. The Chancellor dismissed the amended petition. Plaintiff-appellant appealed.
Section 87.02, F.S.A., provides that when "any person claiming to be interested or may be in doubt as to his rights under a deed, will, contract or other article, memorandum or instrument in writing or whose rights, status or other equitable or legal relations are affected * * * may have determined any question of construction or validity", and obtain a declaration of rights under said Act. Plaintiff-appellant contends that the term "national emergency", by agreement of the parties, has passed, the lease brought to an end and *Page 335 
the defendant-appellee holds the possession of the property unlawfully. The defendant-appellee contends that the "national emergency" will not expire until an official proclamation by the President and Congress — meanwhile, the appellee, according to the amended petition, occupies the property at a rental less than the true rental value.
It cannot be said that the amended petition wholly fails to state a cause for equitable relief. The amended petition, at the least, is sufficient to require an answer by the defendant and a hearing on the conflict of views as to the meaning entertained by the original parties of the words or term "national emergency".
The order dismissing the petition is reversed, with directions for the entry of an order requiring the defendant-appellee to answer the amended petition.
SEBRING, HOBSON and BARNS, JJ., concur.
ADAMS, C.J., and TERRELL, J., dissent.